The grounds of the decision concisely stated are as follows:

Said David Havron was appointed to his position in the month of April, 1897, as steamfitter in the department of water supply in the then city of Brooklyn by the then commissioner of city works, Theodore B. Willis, pursuant to the civil service rules and regulations, the said appointment being at a salary of $1,050 per annum.

On or about December 28, 1897, the city works commissioner increased said Havron's salary to $1,200 per annum.

Said Havron was transferred to the service of the Greater New York pursuant to the provisions of section 1536 of the charter. Laws 1897, p. 537, c. 378.

On February 7, 1898, James Moffett, the deputy commissioner of water supply for the borough of Brooklyn, with the approval of William Dalton, the commissioner, reduced the salary of said Havron to $1,050, the same salary that he was receiving just prior to the increase made by Commissioner Willis above referred to. This action was taken in pursuance of the provisions of section 456 of the charter of 1897, Laws 1897, p. 160, c. 378. It was not essential to the validity of this action that the reasons for such reduction be filed and opportunity be given to explain, because chapter 186, p. 446, of the Laws of 1898 embodying these requirements did not become a law until March 31, 1898.

The provisions of section 1543 of the charter (Laws 1897, p. 541, c. 378) applied only to cases of removal by heads of departments and had no application to a reduction of this kind made by a deputy commissioner pursuant to the provisions of the statute expressly empowering him to fix and to regulate salaries with the approval of the head of the department.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Cahill, Geismar & Phillips, for appellant.

Geo. L. Rives, Corp. Counsel, for respondents.

PER CURIAM. Order affirmed, with $10 costs, upon the grounds stated in the decision of Mr. Justice GAYNOR.

---

(85 App. Div. 475.)

### MIX v. HAMBURG–AMERICAN S. S. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. DEATH—ACTION FOR NEGLIGENT DEATH—DAMAGES—EVIDENCE—ADMISSIBILITY.

Under Code Civ. Proc. § 1904, relating to actions for wrongful death, which provides that the damages awarded shall "be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action was brought," it was error, in an action by a surviving wife for the death of her husband, to permit plaintiff to prove the present worth of the gross amount the decedent would have earned had he lived the time specified in the tables of mortality.

Appeal from Trial Term, New York County.

Action by Barbara Mix against the Hamburg-American Steamship Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Everett P. Wheeler, for appellant.
J. Culbert Palmer, for respondent.

McLAUGHLIN, J.   The plaintiff's husband, Harry Mix, on the 17th of August, 1901, was a pilot on the pilot boat James Gordon Bennett, and on that day he lost his life by a collision between such boat and the defendant's steamer the Alene.   This action was brought to recover damages for the pecuniary injuries sustained by the widow, resulting from his death, on the ground that the same was caused solely by the defendant's negligence.   She had a verdict for $12,500, and from the judgment entered thereon and an order denying a motion for a new trial, defendant has appealed.

The validity of the judgment is attacked upon several grounds, but, after an examination of all the errors alleged, we find only one which requires consideration.   At the conclusion of the trial a question of fact was presented, both as to defendant's negligence and the intestate's freedom from negligence, as well as whether the collision occurred within the "three-mile limit."   The case in this respect cannot be distinguished from Lennan v. Hamburg-American Steamship Co., 73 App. Div. 357, 77 N. Y. Supp. 60, or Grube v. Hamburg-American Steamship Co. (decided at the May term; not yet officially reported) 82 N. Y. Supp. 429.

At the trial the plaintiff proved that the deceased, at the time of his death, was a member of the Sandy Hook Pilots' Association; that the amount which he received for services rendered by him as a pilot depended upon the earnings of the association; that he had a salary of $200 a month if the business warranted it; if not, less; and, in addition to this, he was entitled to a certain share in the net profits of the association, if there were any; that during the six years immediately preceding his death his receipts from the association had averaged $3,000 per year; that he could retire when he reached 65 years of age, and would then, until his death, be entitled to a pension from the association of $75 a month.   An actuary was then called as an expert, who, after testifying that the expectation of life of a person 43 years of age, which was the age of the deceased, according to the Northampton tables is 21.54 years, according to the Carlisle tables 25.71 years, and according to the American Experience tables 26 years, was asked the following question:   "What would be the present table of $3,000 per annum, payable in equal quarterly installments, based on the chances of a man living from 43 years to 65 years of age, and after that calculated at the rate of $900 per annum to the period which the annuity tables show he probably would have lived?"   This was objected to, the objection overruled, the defendant excepted, and the witness answered, "$39,993; or, calculating it in another way, $39,992."   The objection to the question should have been sustained, and the exception to the ruling is fatal to the judgment.   This evidence was inadmissible.   Hinsdale v. N. Y., N. H. & H. R. R. Co., 81 App. Div. 617, 81 N. Y. Supp. 356; Fajardo v. N. Y. C. & H. R. R. Co. (decided at the May term; not yet officially reported) 82 N Y. Supp. 912.

The damages to which the plaintiff is entitled are those specified

in section 1904 of the Code of Civil Procedure, which provides that the damages awarded "to the plaintiff may be such a sum as the jury * * * upon a trial * * * deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought"; and the preceding section 1903 provides that the damages recovered are exclusively for the benefit of the decedent's husband or wife and next of kin. Here the deceased left him surviving only his widow, and it was competent to lay before the jury the probable duration of his life, his earnings, his habits, what he had theretofore contributed to the widow, and the way he had supported and maintained her, to the end that they might estimate her pecuniary loss. This, however, did not permit the plaintiff to prove the present worth of the gross amount the deceased would have earned had he lived the time specified in the tables. This was not a proper basis of a recovery. Such amount is clearly not the pecuniary loss sustained by the widow; it was misleading, and was not evidence upon which the jury could predicate a proper recovery for the plaintiff.

In the Hinsdale Case it was held that evidence of the amount which it would cost to purchase an annuity equal to the amount of the decedent's income, based upon the probable duration of his life had he survived, was incompetent. Mr. Justice Ingraham, delivering the opinion of the court, commenting upon that question, said:

"The statute imposes upon the jury the burden of determining that question; and, to assist them in the performance of that duty, evidence of the amount that the decedent earned, his habits, and the relationship of those dependent upon him, and the view that he has taken of his obligations to those dependent upon him, as evidenced by the contributions that he has made for their support and comfort, are proper elements for the jury to consider in determining what they have lost by his death. The language of the statute, however, precludes an attempt to measure this loss upon a mathematical calculation, and we do not think that evidence of the cost of an annuity should be admitted, as it is calculated to distract the attention of the jury from the real duty that is imposed upon them by the statute, and that is, to fix what they deem a fair and just compensation for the pecuniary injuries resulting from the decedent's death. The amount that would be required to procure for the deceased a certain annuity for his life, free from all the contingencies of the loss of employment or earning power by sickness or other misfortune, has no relation to the benefit that his wife or mother would have received had his life been continued. * * *"

This case is directly in point. It was followed and approved in the Fajardo Case, and is decisive on this appeal.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM and HATCH, JJ., concur.

O'BRIEN, J. I did not concur in the conclusion reached by this court in the case of Hinsdale v. N. Y., N. H. and H. R. R. Co., 81 App. Div. 617, 81 N. Y. Supp. 356, but the majority having made the rule for the court, as that case and the case of Fajardo v. N. Y. C. & H. R. R. Co. are controlling, I concur.